IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRIQUE PATTERSON,  )  <br>               Petitioner,  ) <br> )<br> vs.  ) <br> ) <br> SUPERINTENDENT LAMAS;  THE  ) <br> ATTORNEY GENERAL OF THE STATE  ) <br> OF PENNSYLVANIA; THE DISTRICT  ) <br> ATTORNEY OF THE COUNTY OF  ) <br> FAYETTE,  ) <br>               Respondents.  ) | Civil Action No. 13-414 <br> Magistrate Judge Maureen P. Kelly <br><br><br><br><br><br> Re:   ECF No. 10 |

**MEMORANDUM ORDER**

Tyrique Patterson ("Petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in order to challenge his convictions of, inter alia, Third Degree Murder.

Most recently, Petitioner has filed an "Application to Stay" these proceedings, which is deemed to be a Motion requesting a stay and abeyance of these habeas proceedings (the "Motion").  ECF No. 10.   He seeks a stay of these proceedings because he has "discovered some 'exculpatory evidence' BARDY [sic] MATERIAL" as well as "NEWLY FOUNDED CONSTITUTIONAL LAW[.]" Id., at 1.   He does not specify what the newly discovered Brady material is, nor when he discovered such alleged Brady material. Nor does he specify in the Motion what the newly found constitutional law is.    However, Petitioner attached to the Motion what appears to be a Post Conviction Relief Act ("PCRA") Petition, wherein he seems to indicate that the "Brady materials" are contained in the state "courts records."   ECF No. 10-1 at

2, ¶ 6.B.  The PCRA petition was ostensibly signed on June 19, 2013.  We take judicial notice of the dockets of the Court of Common Pleas of Fayette County which show that a PCRA petition was filed on July 8, 2013.[1]  In the PCRA Petition accompanying the Motion, Petitioner indicates that the newly found constitutional law upon which he seeks to rely is Martinez v. Ryan, __ U.S. __, 132 U.S. 1309 (2012) (holding that as an equitable matter, where collateral attacks are the first opportunity under state law that a criminal convict may bring claims of trial counsel's ineffectiveness, the ineffectiveness of counsel provided during the collateral attack may serve as "cause" to excuse any procedural default of the claim of trial counsel's ineffectiveness).  Id., at ¶ 7.C.[2]

The Court ordered Respondents to file a Response to the Motion and they complied, ECF No. 11, asserting that Petitioner has not carried his burden to show entitlement to a stay of these proceedings.   This Court agrees.

A habeas petitioner bears the burden of showing "good cause" as to why a habeas petition should be stayed.  See, e.g., Rhines v. Weber, 544 U.S. 269 (2005) (habeas petitioner must establish "good cause"); Ledford v. Ward, No. CIV-05-523-R, 2005 WL 1606443 (W.D. Okla. June 14, 2005).  Petitioner fails to meet that burden herein.  As to the alleged Brady material, Petitioner does not specify what the alleged Brady material is.   Moreover if such Brady material

---

[1]   Those dockets of Petitioner's criminal case are available at:

   http://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-26-CR-0000295-2003

(site last visited on 7/16/2013).

[2]   Although Petitioner cites to the Court of Appeals decision in Martinez, it is clear that Petitioner is relying on the Supreme Court's decision.

is in the state "court records" as Petitioner suggests it is according to the PCRA petition, it is unlikely that he can show that he was reasonably diligent in uncovering such material earlier. United States v. Pelullo, 399 F.3d 197, 202 (3d Cir. 2005) ("[T]he government is not obliged under *Brady* to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself.") (quoting U.S. v. Starusko, 729 F.2d 256, 262 (3d Cir. 1984)).

As to the newly discovered United States Supreme Court precedent, Martinez was decided on March 20, 2012. Petitioner fails to explain why it has taken more than one year to have discovered this precedent. He further fails to explain how this precedent will help him or which claims of trial counsel were presumably procedurally defaulted so as to seek to excuse the procedural default of such claims of ineffectiveness.

Lastly, Petitioner fails to show that any potential new claims he has are meritorious. See, e.g., Rhines v. Weber, 544 U.S. at 277 ("even if a petitioner had good cause for that failure [to present his claims to the state court prior to coming to federal court], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

Accordingly,

AND NOW, this 16th day of July, 2013, it is hereby ordered that Petitioner's Motion to Stay and Abey this Case is DENIED without prejudice.[3]

<em>s/Maureen P. Kelly</em><br>
MAUREEN P. KELLY<br>
U.S. MAGISTRATE JUDGE

Dated: July 16, 2013

cc: Tyrique Patterson
FM-9675
SCI Rockview
1 Rockview Road
Bellefonte, PA 16823

All counsel of record via CM-ECF

---

[3] The parties have consented to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 4 and 9.