**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TYRIQUE PATTERSON, )
           Petitioner, )
           )
vs. )         Civil Action No. 13-414
           )         Chief Magistrate Judge Maureen P. Kelly
SUPERINTENDENT LAMAS;  THE )
ATTORNEY GENERAL OF THE STATE )
OF PENNSYLVANIA; THE DISTRICT )
ATTORNEY OF THE COUNTY OF )
FAYETTE, )
           Respondents.  )

## OPINION

      Tyrique Patterson ("Petitioner"), proceeding pro se, has filed this Petition for Writ of

Habeas Corpus by a Person in State Custody, (the "Petition") pursuant to 28 U.S.C. § 2254, in

order to challenge his convictions of, *inter alia*, Third Degree Murder which were obtained in the

Court of Common Pleas of Fayette County.

      Because Petitioner fails to carry his burden to show that the state courts' adjudication of

Petitioner's claims, raised in the Petition, was contrary to or an unreasonable application of

United States Supreme Court precedent, the Petition will be denied.  In the alternative, we find

that the Petition is time barred.  A certificate of appealability will also be denied because

Petitioner does not show that jurists of reason would disagree concerning the denial of the

Petition.

## I.  PROCEDURAL HISTORY

      This case has a long and complex procedural history in the state courts, with Petitioner's

collateral appeal rights being reinstated by the Pennsylvania Superior Court in the course of

Petitioner's third PCRA proceedings.  The Superior Court provided a summary of the procedural

history.  ECF No. 7-4 at 2 – 4.  As we write primarily for the parties, it is not necessary for

deciding this Petition to repeat that long and complex procedural history.

Petitioner initiated the proceedings in this Court by the filing of the Petition. ECF No. 1.

Respondents filed an Answer, denying that Petitioner was entitled to relief.  ECF No. 7.

Respondents attached much of the state court record as exhibits to that Answer.   Petitioner also

filed a Motion to Stay the Proceedings, ECF No. 10, which the Respondents opposed, ECF No.

11 and which this Court denied.  ECF No.  12.

The parties have consented to the plenary exercise of jurisdiction by the United States

Magistrate Judge.  ECF Nos.  4, 9.

## II.  FACTUAL HISTORY

The Pennsylvania Superior Court recounted the facts of the crime as follows:

The testimony presented at the time of trial established that on November 29,
2002, Patterson was a patron of a bar in Brownsville when he and Justin Thomas,
the victim's brother, became involved in a physical confrontation.  Tony Thomas,
the victim, was contacted by a friend to come to the bar and pick up Justin
Thomas.  Tony Thomas arrived at the bar with [his cousin], Don Durant. Tony
Thomas and Patterson engaged in a verbal confrontation from a distance of over
300 feet. Patterson then left the bar to return home to South Hills Terrace.  Tony
Thomas, accompanied by … Don Durant, drove to South Hills as well and
encountered Patterson and his girlfriend Tamika Withrow standing outside of
Patterson's residence.  Tamika Withrow was holding a gun in her left hand.
Another verbal confrontation ensued between Patterson and Tony Thomas.
During the confrontation, Patterson drew a gun, after which he shot Tony
Thomas.

Tony Thomas turned away as Patterson was shooting, and the bullet hit him in the
neck.  According to Don Durant, Tony Thomas was dead instantly.  Patterson fled
the scene on foot to an automobile operated by Michelle Bannasch which was
traveling toward the scene in the housing development of South Hills Terrace.
Patterson held his gun to the head of Michelle Bannasch and ordered her out of
the vehicle, and then did the same to her passenger.  Patterson drove away in
Michelle Bannasch's vehicle and then was discovered trespassing on the water
company's property by a security guard.  Patterson scaled the fence of the
property and was apprehended several days later.

Pa. Superior Court slip. Opin., June 23, 2010, ECF No. 7-4 at 1 – 2.  Petitioner was convicted of third degree murder, robbery of a motor vehicle, and criminal trespass.  On July 22, 2003, the trial court sentenced Petitioner to an aggregate term of 22 ½ years to 45 years of imprisonment.   ECF No. 1.

## III.  APPLICABLE LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996.  Because Petitioner's habeas Petition was filed after its effective date, the AEDPA is applicable to this case.  Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d).  In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States."  Id. at 404-05 (emphasis deleted).  The Supreme Court explained the two situations in the following terms:

>Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13. The United States Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts, 228 F.3d at 197 (quoting Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc)). Moreover, it is Petitioner's burden to prove the state court decision is either contrary to or an unreasonable application of clearly established federal law. See Matteo, 171 F.3d at 888; Werts, 228 F.3d at 197. Under the "contrary to" clause, the relevant universe of analysis is restricted to the holdings of United States Supreme Court cases as they existed at the time of the state court decision. Williams, 529 U.S. at 412. In contrast, under the "unreasonable application" clause, federal habeas courts may consider lower federal court cases in determining whether the state court's application of United States Supreme Court precedent was objectively unreasonable. Matteo, 171 F.3d at 890.

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

## IV. DISCUSSION

Petitioner raises fourteen grounds on which he claims that he is being held in violation of

the Constitution, laws or treaties of the United States.

> Ground One: Petitioner submits that the weight of the evidence failed to prove the crime charged [i.e., third degree murder]. . . . Petitioner submits . . . that the verdict was against the weight of the evidence and the law since the Commonwealth did not establish Malice and whether the evidence was otherwise insufficient to sustain the verdict as the Commonwealth failed to prove the charge against Petitioner beyond a reasonable doubt.

ECF No. 1 at 5.

> Ground Two:  Petitioner submits and urges the weight of the evidence did not establish [sic] [i.e., disprove] Petitioner acted in self defense. . . . Petitioner submits . . . that the verdict was against the weight of the evidence and the law since the Commonwealth did not establish that Petitioner did not act in justifiable self-defense, and whether the evidence was insufficient to prove otherwise beyond a reasonable doubt.

Id., at 7.

> Ground Three: Petitioner submits that the verdict was against the weight of the evidence in that Petitioner acted in self-defense and under passion. . . . Petitioner maintains  . . . that the verdict was against the weight of the evidence and the law since the Commonwealth did not establish that petitioner, if he did [not] act in justifiable self-defense, that the Petitioner acted under sudden and intense passion resulting from serious provocation from the victim and the degree of homicide only rose to the level of voluntary manslaughter and not to the level of third degree.

Id., at 8.

> Ground Four:  Petitioner submits that his conviction should be reduced from 3rd degree murder to voluntary manslaughter and sentence modified. … Petitioner maintains … that his conviction should be reduced from third degree murder to voluntary manslaughter and Petitioner's sentence modified where the sentence is excessive under the circumstances of this case.

Id. at 10.

> Ground-(5).  Petitioner submits  . . . that trial counsel rendered ineffective assistance of counsel for failure in not calling to Petitioner's  trial  four

5

eyewitnesses, these witnesses were available to testify and counsel knew of their whereabouts and their testimony would have changed the outcome of the trial to not guilty.

Ground-(6). Petitioner submits that he was denied his right to effective assistance of trial counsel for counsel's failure in not objecting to the Commonwealth's use of peremptory challenges to eliminate African American jurors from serving on the jury.

Ground-(7). Petitioner maintains that he was denied his right to effective assistance of trial counsel for counsel's failure to request a mistrial when the jury foreperson was a close and personal friend of the District Attorney who prosecuted the case.

Ground-(8). Petitioner submits . . . that he was denied his right to the effective assistance of trial counsel for counsel's failure in not objecting to the use of a police diagram of the scene where the same was fabricated after the fact, and did not accurately depict the location of the objects at the time of the incident.

Ground-(9). Petitioner submits … that he was denied his right to effective assistance of trial counsel for counsel's failure to require that the jury be instructed on the theory of self-defense where Petitioner presented testimony of self-defense during the case.

Ground-(10). Petitioner submits … that he was denied his right to the effective assistance of trial counsel for counsel's failure to have the trial court sequester or object to the Commonwealth having witnesses in the courtroom while other witnesses testified, causing their testimony to be identical and prejudicing Petitioner's case.

Ground-(11). Petitioner submits… that he was denied his right to the effective assistance of trial counsel for counsel's failure in not objecting to the chain-of-custody of the murder weapon.

Ground-(12). Petitioner submits… that he was denied his right to the effective assistance of trial counsel for counsel's failure in not properly cross-examining the Commonwealth witness, Don Durant, regarding his testimony regarding the gunpowder on him when such examination could have supported Petitioner's claim of self-defense.

Ground-(13). Petitioner submits … that he was denied effective assistance of post-sentence motion counsel for failure in not preserving a weight of the evidence claim for Direct Appeal, and a petition for <u>allocature</u> [sic] to the Supreme Court of Pennsylvania where Petitioner requested the same be filed.

Ground-(14). Petitioner submits … that he was denied his right to the effective assistance of initial-review (PCRA) counsel for counsel's failure in not raising trial counsel's ineffective assistance for failure in not raising an objection to the Arrest Warrant where said document was improperly dated.

<u>Id.</u>, at 11 - 12.

We will address these habeas claims in serial fashion.

**A. Insufficiency of the Evidence Claims (Grounds One, Two and Three)**

We will address the first three grounds for relief together.

To the extent that Petitioner raises an argument that the verdicts were against the weight of the evidence, Petitioner fails to raise a claim that is cognizable in Section 2254 proceedings by a state convict, challenging his state convictions. McKinnon v. Superintendent, Great Meadow Correctional Facility, 422 F. App'x 69, 75 (2d Cir. 2011) ("the argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus,"); Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985)("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence"); Davis v. Lavan, NO. CIV.03-40211, 2004 WL 2166283, at *9 (E.D. Pa. Sept. 23, 2004)("a claim that a verdict is against the weight of the evidence is not cognizable on habeas review because it requires an assessment of the credibility of the evidence presented at trial, and a state court's credibility determinations are binding on a federal habeas court."). Respondents made this very point in their Answer, ECF No. 7 at 5 – 6, and Petitioner has not contended otherwise.

To the extent that Petitioner raises in the first three grounds for relief a claim that the evidence was insufficient to convict him of third degree murder, such a claim is cognizable.[1] However, the Pennsylvania Superior Court addressed Petitioner's claims of insufficiency of the evidence on the merits in Petitioner's direct appeal and found that the evidence was sufficient to sustain his third degree murder conviction. In doing so, the Pennsylvania Superior Court applied

---

[1]  A weight of the evidence argument necessarily "concedes that there is sufficient evidence to sustain the verdict. . . .  An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court.... [T]he role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." Rainey v. Varner, 603 F.3d 189, 199 (3d Cir. 2010) (quoting Commonwealth v. Widmer, 744 A.2d 745, 751-52 (Pa. 2000)).

the Pennsylvania state law test for sufficiency of the evidence. ECF No. 7-11 at 5. As the United States Court of Appeals for the Third Circuit has held, this Pennsylvania standard is not "contrary to" the federal legal standard announced by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307 (1979), in the sense that the two rules are different. Eley v. Erickson, 712 F.3d 837, 848 (3d Cir. 2013) ("We agree with the Superior Court's later conclusion on PCRA appeal that these rules do not contradict *Jackson*. *Id*. at 612 ('[T]he federal standard enunciated in *Jackson* is [not] any different from that employed in Pennsylvania when reviewing sufficiency of the evidence questions.'). Nor does Eley argue that the facts of his case are materially indistinguishable from *Jackson*. Thus, we hold that the Superior Court's adjudication of Eley's sufficiency of the evidence claim was not contrary to *Jackson*."). In similar fashion, Petitioner fails to argue, yet alone establish that the Superior Court's adjudication of his claims is contrary to Jackson in the second sense, i.e., that his case and the Jackson case have materially indistinguishable facts and that the Superior Court decided his case differently than the outcome of the Jackson case. In both cases, the evidence was found to be sufficient.

It is left open to Petitioner to show that the Superior Court's adjudication of his insufficiency claims was an unreasonable application of Jackson. Petitioner fails to argue yet alone establish such. Nor do we find the Superior Court's adjudication of Petitioner's claims of insufficiency of the evidence to constitute an unreasonable application of Jackson.

### 1. Ground One

As to the first ground, where Petitioner claimed that the Commonwealth failed to establish malice, a necessary element of third degree murder under state law, the Superior Court relied on the state law presumption that "[m]alice may be inferred from the use of a deadly

weapon on a vital part of the victim's body." ECF No. 7-11 at 5. The Superior Court noted that Petitioner shot a gun at the victim, hitting him in the neck. The Superior Court concluded this was sufficient under state law to qualify as malice. Petitioner has failed to establish that this disposition was an unreasonable application of Jackson, nor do we find it to be such.

### 2. Ground Two

As to Petitioner's second ground, Petitioner asserts that the evidence was insufficient to convict him of third degree murder because the Commonwealth failed to prove that Petitioner did not act in self-defense. Invoking state law that provides self-defense may be disproved where an actor utilizes more force than necessary to defend himself, the Superior Court reviewed the record testimony and found that the Commonwealth had proven that Petitioner used more force than necessary to engage in self-defense, given that the victim was unarmed, had not threatened or attacked Petitioner and Petitioner is the one who pulled out a gun and shot the victim as the victim was turning to run away. ECF No. 7-11 at 6 - 7. Petitioner fails to carry his burden to show that the Superior Court's adjudication of this claim was an unreasonable application of Jackson.

### 3. Ground Three

Petitioner's third ground of insufficiency of the evidence asserts that the Commonwealth failed to prove that Petitioner did not act under a sudden and intense passion so as to prove that he did not commit the lesser crime of voluntary manslaughter rather than third degree murder. The Superior Court found that to the extent this claim raised a sufficiency of the evidence claim, it failed, given that the Superior Court determined that there was sufficient evidence of malice to support a third degree murder conviction. See In Interest of Smith, 579 A.2d 889, 896 (Pa.Super. 1990) ("Voluntary manslaughter is distinguished from murder in that voluntary

manslaughter is an intentional killing committed without malice, whereas malice is an essential element of murder."). Essentially, the Superior Court held that, as a matter of state law, because the Commonwealth adequately proved malice in Petitioner's case, and the existence of malice is incompatible with a jury's finding of voluntary manslaughter, i.e., the two crimes are mutually exclusive, the Commonwealth therefore adequately disproved voluntary manslaughter.

Petitioner fails to argue that this is an unreasonable application of Jackson, and, consequently, fails to carry his burden in this Court to show that the Superior Court's adjudication of this claim constituted an unreasonable application of Jackson. That is sufficient to deny him relief on this claim.

### B. Ground Four is Repetitive and Non-cognizable.

In the fourth ground for relief, Petitioner asserts that his conviction should be reduced from third degree murder to voluntary manslaughter and that his sentence was excessive. As to the first part of the ground, i.e., that his conviction should be reduced from third degree murder to voluntary manslaughter, we find this unelaborated issue is essentially a repetition of Ground Three above and, as such, adequately addressed by the reasoning denying Ground Three. To the extent that Petitioner is arguing his sentence is excessive, such an argument does not provide a ground for federal habeas relief.

The general rule in federal habeas proceedings is that "a federal court will not reevaluate a sentence in a habeas corpus proceeding unless it exceeds the statutory limits." Milton v. Graterford, Civ.A. No. 1:09–CV–1477, 2010 WL 5060199, at *1 (M.D.Pa. Dec. 6, 2010) (citing Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42–43 (3d Cir. 1984)); see Coleman v. Folino, Civ.A. No. 09-1225, 2010 WL 2683151, at *9 (W.D.Pa. June 1, 2010) (finding that "[g]enerally, sentencing is a matter of state criminal procedure and does not fall

within the purview of federal habeas corpus" and "a federal court will not normally review a state sentencing determination that falls within the statutory limit"), *adopted by*, 2010 WL 2653351 (W.D. Pa. July 2, 2010); DeSavage v. Lawler, Civ.A. No. 08-92, 2010 WL 411754, at *10 (W.D. Pa. Jan. 28, 2010) (same). Petitioner has not alleged that the sentence he received was beyond the statutory maximum. Nor has he made any allegation that would take his case outside of the general rule that state prisoner attacks on the discretionary aspects of sentencing are simply not cognizable because they present no federal law question. Coleman, 2010 WL 2683151, at *10 (finding that claim challenging sentencing court's imposition of consecutive sentences did not raise any constitutional question); Foust v. Brooks, Civ.A. No. 04-176E, 2006 WL 2077020, at *9 (W.D.Pa. July 24, 2006) (petitioner's habeas claim challenging trial court's decision to impose consecutive sentences "lack[ed] constitutional dimension and [did] not warrant federal habeas relief"); Corbett v. Grace, No. Civ.A. 05-86, 2006 WL 897788, *3 (W.D.Pa. April 5, 2006) (petitioner's habeas claim challenging imposition of consecutive sentences instead of concurrent "does not raise any constitutional question"); Yarbrough v. Klopotoski, No. 09-0336, 2009 WL 4810553, at *28 (E.D.Pa. Oct. 30, 2009) (rejecting a claim that the sentence was manifestly excessive, the court held: "This claim alleges only a violation of Pennsylvania law, and not a violation of the federal Constitution. See Mem. of Law. at ¶ 16. Thus, this claim is not cognizable in a federal habeas proceeding. *See Estelle*, 502 U.S. at 67-68 ('[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.')"). Accordingly, Ground Four provides no basis for relief.

**C. Ineffective Assistance of Counsel Claims (Grounds Five – Fourteen)**

In the next ten grounds for relief, Petitioner raises claims of ineffective assistance of counsel. The Pennsylvania Superior Court addressed grounds five through thirteen on the

merits. In doing so, the Superior Court relied on the Pennsylvania state law test of ineffectiveness as announced in Commonwealth v. Pierce, 527 A.2d 973 (1987).

This standard has been found to be materially identical to the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Werts, 228 F.3d at 203. The United States Court of Appeals for the Third Circuit has ruled that this standard is not "contrary to" Strickland, and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of Strickland to [petitioner's] ineffectiveness claim was objectively unreasonable, i.e., the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under Strickland." Id. at 204. Because the state courts decided Petitioner's claims of ineffective assistance of counsel under the standards of Pierce and those standards are essentially the same as the Strickland standard, this Court is required to apply the deferential standard of 28 U.S.C. § 2254(d), which demands that a habeas petitioner must demonstrate that the State Court's adjudication of the federal claim resulted in a decision that was contrary to United States Supreme Court precedents or an unreasonable application of federal law. Pursuant to the holding of Werts, Petitioner is barred from arguing that the decisions of the state courts, applying the Pierce standard, are contrary to the standard announced in Strickland.

Moreover, Petitioner has not argued and does not point to any United States Supreme Court decision, in existence at the time that the state courts rendered their decisions in this case, that have a set of facts that are materially indistinguishable from Petitioner's case where the outcome was different from the outcome reached by the state courts herein. Williams, 529 U.S. at 412 (analyzing whether a state court decision is "contrary to" Supreme Court precedent requires analysis of the "holdings as opposed to the dicta, of this Court's decisions as of the time

of the relevant state court decision."). Accordingly, Petitioner has not shown that the Pennsylvania Superior Court's decision in this case was contrary to clearly established federal law as determined by the United States Supreme Court. Thus it remains open to Petitioner to show that the decisions of the state courts were an unreasonable application of federal law.

In the instant case, Petitioner fails to show that the state courts' disposition of his claims was an unreasonable application of United States Supreme Court precedent. In Strickland, 466 U.S. at 688, the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the defendant must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). In reviewing counsel's actions, the court presumes that counsel was effective. Strickland, 466 U.S. at 689. There is no one correct way to represent a client and counsel must have latitude to make tactical decisions. Lewis v. Mazurkiewicz, 915 F.2d 106, 115 (3d Cir. 1990)("[W]hether or not some other strategy would have ultimately proved more successful, counsel's advice was reasonable and must therefore be sustained."). In light of the foregoing, the Court of Appeals for the Third Circuit has explained, "[i]t is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997)(quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir.1989)).

Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Williams, 529 U.S. at 391.

Moreover, because the Pennsylvania Superior Court addressed Petitioner's claims of ineffectiveness on the merits, this Court must apply the deferential standards of the AEDPA, which results in a doubly deferential standard as explained by the United States Supreme Court:

> "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both 'highly deferential,' id., at 689 [104 S.Ct. 2052]; Lindh v. Murphy, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, Knowles, 556 U.S., at ——, 129 S.Ct., at 1420. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —— [129 S.Ct., at 1420]. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."

Premo v. Moore, 131 S.Ct. 733, 740 (2011) (quoting Harrington v. Richter, 131 S.Ct. 770, 788 (2011)). Accord Grant v. Lockett, 709 F.3d 224, 232 (3d Cir. 2013) ("'A state court must be granted a deference and latitude that are not in operation when the case involves [direct] review under the Strickland standard itself.' Id. Federal habeas review of ineffective assistance of counsel claims is thus 'doubly deferential.' Pinholster, 131 S.Ct. at 1403. Federal habeas courts must 'take a highly deferential look at counsel's performance' under Strickland, 'through the deferential lens of § 2254(d).'").

### 1. Ground Five

The Pennsylvania Superior Court addressed Ground Five, i.e., trial counsel's ineffectiveness for failing to call four witnesses, and essentially found that because Petitioner did not produce the witnesses (whom trial counsel allegedly failed to call at trial) at the PCRA

hearing, Petitioner failed to carry his burden to prove that their testimony would have been helpful to his defense and thus he failed to carry his burden to show that his presumptively effective trial counsel acted unreasonably in not calling them.  ECF No. 7-4 at 7 – 8.  Petitioner fails here in this Court to argue that the Superior Court's disposition was an unreasonable application of <u>Strickland</u> and we do not find it to be such.

### 2. Ground Six

The Superior Court addressed Ground Six, <u>i.e.</u>, trial counsel was ineffective for failing to raise a <u>Batson</u> challenge to the prosecutor's use of juror challenges.   The Superior Court essentially found that because the PCRA court found as a fact that there was no discriminatory intent on the part of the prosecutor in challenging two African-American jurors, Petitioner's trial counsel could not be ineffective for failing to raise a <u>Batson</u> challenge because such a <u>Batson</u> challenge would have been meritless in view of the PCRA trial court's finding the prosecutor possessed no discriminatory intent. <u>Id.</u> at 9 – 11. This is not an unreasonable disposition of <u>Strickland</u>.

### 3. Ground Seven

The Superior Court addressed Ground Seven, <u>i.e.</u>, trial counsel was ineffective for failing to exclude the jury foreperson who was allegedly a friend of the prosecuting attorney.  The Superior Court found that Petitioner's trial counsel had testified at the PCRA hearing that he had a good feeling about the foreperson, and, further, that if he felt there were any grounds to strike her due to bias, he would have done so.   In contrast to this evidence, the Superior Court noted that Petitioner offered no evidence in support of his claim that the foreperson had a relationship with the prosecutor.   The Superior Court noted that Petitioner only testified that the foreperson "could have been biased and could have led the rest of the jurors to find me guilty,"  <u>Id.</u> at 12.

The Superior Court also noted that the PCRA trial court did not find Petitioner's testimony to be credible. The Superior Court concluded that because there was no evidence of bias by the jury foreperson and there was evidence in support of Petitioner's trial counsel possessing a basis for not striking her, there was no merit to Petitioner's claim that his trial counsel was ineffective for failing to strike her. Id. at 11 – 12. In light of the doubly deferential standard applicable to this claim, we do not find Petitioner has carried his burden to show that the Superior Court's adjudication of this claim was an unreasonable application of Strickland.

**4. Ground Eight**

The Superior Court addressed on the merits, Petitioner's Ground Eight, i.e., trial counsel was ineffective for failing to object to a diagram used by the prosecutor depicting the scene of the crime. Petitioner complained that the diagram was inaccurate in its portrayal of the scene of the crime in that it had one car parked on the street and another car parked in a lot. Petitioner asserted that both cars were on the street at the time of the shooting and argued that "because the one car had been moved prior to the creation of the diagram, other evidence '[c]ould have been moved.'" Id. at 13. In addressing this claim on the merits, the Superior Court noted that one witness testified on the stand that her car was on the street at the time of the shooting but that she subsequently moved her car (apparently to the place depicted on the diagram) after she took the victim's fiancé to the hospital. The Superior Court reasoned that the jury was not presented with an inaccurate depiction of the crime scene and that Petitioner failed to meet his burden to prove that this issue had merit or that he suffered prejudice. Id. at 12 – 14. Given that the jury had evidence presented before it to explain the discrepancy in the placement of the cars and the failure of Petitioner to show any other inaccuracies in the diagram's depiction of the crime scene, Petitioner cannot establish that the Superior Court's adjudication of this claim was an

unreasonable application of <u>Strickland</u>.  At the very least, the Superior Court was eminently reasonable in finding that any discrepancy about the placement of the one car did not prejudice Petitioner given its irrelevance to whether Petitioner shot the victim or not.

### 5. Ground Nine

The Superior Court addressed Ground Nine, <u>i.e.</u>, that trial counsel was ineffective for failing to request a self-defense instruction.  The Superior Court noted that the PCRA Court found a self-defense instruction was in fact given.  The Superior Court noted that its own "review of the record reveals that trial counsel specifically argued [to the trial court] that the jury should be provided with the self-defense instruction."  <u>Id</u>. at 14.  Petitioner has not shown how the Superior Court's adjudication of this claim constituted an unreasonable application of <u>Strickland</u>.  Accordingly, this claim does not afford him relief.  Nor does Petitioner rebut the finding of fact that the trial court provided a self defense instruction with any evidence yet alone clear and convincing evidence.  <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473-74 (2007) ("AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'").

### 6. Ground Ten

The Superior Court also addressed Petitioner's Ground Ten for relief, <u>i.e.</u>, trial counsel was ineffective for failing to assure that the trial court sequester the Commonwealth's witnesses during the conduct of Petitioner's trial.  The Superior Court essentially determined that Petitioner failed to carry his burden to show prejudice stemming from the failure to sequester the Commonwealth witnesses.  The Superior Court reasoned that Petitioner —

> states that two Commonwealth witnesses – Corporal Beverly Ashton and Officer Robert Leibhart – were in the courtroom   throughout the trial and 'mirrored' their testimony to that of Office Thomas Bush as a result. . . .

the record clearly reveals that the testimony of the three witnesses not only differed in substance, but also in subject matter. Officer Bush testified to his observation of Patterson when he trespassed onto the property of the Water Authority; Corporal Ashton testified regarding her involvement in the transportation of Patterson from New Jersey back to Pennsylvania during extradition; and Officer Leibhart testified regarding the documentary evidence created (photographs and diagrams) and the physical evidence found at the scene of the shooting. Furthermore, the testimony of each witness was directly in line with their prior statements and the documentation contained in the record.

Id. at 14 - 15 (citations to the record omitted). The Superior Court went on to conclude that the "record supports the PCRA court's determination that this issue is without merit. As such, counsel was not ineffective on this basis" Id. We read this conclusion of the issue being "without merit" to be a conclusion that Petitioner failed to carry his burden to show prejudice stemming from the failure to assure sequestration and thus the issue of ineffectiveness of counsel was "without merit." See id. at 14 – 15 ("The PCRA court found this issue to be meritless, as Patterson failed to demonstrate that the testimony of either witness was altered to conform to that of Officer Bush, and further failed to satisfy his burden of proof that he suffered any prejudice."). The Superior Court's conclusion that Petitioner failed to carry his burden to show prejudice is a reasonable application of Strickland or at least, Petitioner has not demonstrated otherwise to this Court.

### 7. Ground Eleven

The Superior Court addressed Petitioner's Ground Eleven, i.e., that trial counsel was ineffective for failing to object to the chain of custody of the gun used by Petitioner to commit the shooting. The Superior Court found that Petitioner conceded at his criminal trial that the gun at issue was in fact the gun he used to shoot the victim. Hence, any objection to the chain of custody would have been useless and unnecessary. The Superior Court found trial counsel was

not ineffective for failing to object to the chain of custody.  Id. at 16.  Petitioner fails to establish that this disposition is an unreasonable application of Strickland.

### 8.  Ground Twelve

The Superior Court also addressed Petitioner's Ground Twelve, i.e., trial counsel was ineffective for failing to cross examine a Commonwealth witness named Don Durant. Specifically, Petitioner alleges that his trial counsel was ineffective for failing to cross examine Don Durant about his testimony that gun powder sprayed on him from Petitioner's gun when Petitioner shot the victim.  Petitioner contends that such testimony would have supported Petitioner's claim of self-defense.

The Superior Court noted that Petitioner's trial counsel had testified at the PCRA hearing as to why he did not cross-examine Don Durant on this matter.  The State Courts found that trial counsel had a reasonable basis for not doing so, namely that, there was no forensic evidence to support Don Durant's statement that he had gun powder on him as a result of the shooting and that if such testimony were true, it would have contradicted Petitioner's testimony that he was not very close to the victim at the time of the shooting.  Given this reasonable basis, the Superior Court concluded that Petitioner failed to prove ineffectiveness.  ECF No. 7-4 at 16 – 18. Petitioner fails to show that this disposition is an unreasonable application of Strickland, and, consequently, this ground fails to merit relief.

### 9.  Ground Thirteen

The Superior Court addressed Petitioner's Ground Thirteen where Petitioner asserts that his counsel were ineffective for failing to preserve a weight of the evidence challenge for direct appeal and that his appellate counsel was ineffective for failing to file a petition for allowance of appeal.

The Superior Court addressed this issue, essentially finding that because PCRA court determined that the verdict was not against the weight of the evidence, and such a finding was supported by the record, Petitioner failed to carry his burden to show that the outcome of the appellate process would have been different had counsel raised the weight of the evidence claim. Id. at 18 – 22. Petitioner has not carried his burden to show that's this disposition is an unreasonable application of Strickland, and so, this claim does not merit relief.

As to the issue of appellate counsel failing to file a petition for allowance of appeal, the Superior Court found that because there were no issues of merit, the failure to file such a petition was not ineffectiveness. ECF No. 7-4 at 20 - 22. Essentially, this reasoning appears to be simply an application of the rule that counsel cannot be found to be ineffective for failing to raise meritless issues. Werts v. Vaughn, 228 F.3d at 202 ("counsel cannot be deemed ineffective for failing to raise a meritless claim"). However, we do not rely on the Superior Court's determination of no ineffectiveness. This is so because the claim that appellate counsel was ineffective for failing to file a petition for allowance of appeal is simply not a claim that his cognizable in federal habeas proceedings given that there is no federal constitutional right to effective assistance of counsel at the stage of filing a petition for allowance of appeal.

A claim of ineffectiveness of counsel is cognizable in federal habeas proceedings only if there is a federal right to counsel at the stage when counsel is alleged to have been ineffective. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.")(citations omitted). Here, at the point where counsel is alleged to have been ineffective, i.e., during the discretionary appeal to the Pennsylvania Supreme Court, Petitioner did not have a federal right to counsel.

Wainwright v. Torna, 455 U.S. 586 (1982) (holding that there is no federal constitutional right to counsel when applying to State Supreme Court for discretionary review). Hence, this ineffectiveness claim does not merit the grant of federal habeas relief.

### 10. Ground Fourteen

In Ground Fourteen, Petitioner raises a claim of ineffective assistance of PCRA counsel for PCRA counsel's failure to raise trial counsel's failure to raise an objection to the arrest warrant where it was not properly dated. To the extent that Petitioner is raising a claim of PCRA counsel's ineffectiveness as a ground for relief, it too is not cognizable as he has no federal right to counsel. Coleman v. Thompson, 501 U.S. at 752.

To the extent that he raises PCRA counsel's ineffectiveness as an excuse to overcome the procedural default of the claim that trial counsel was ineffective for failing to raise an objection to the arrest warrant, we are not convinced that PCRA counsel was ineffective given that PCRA counsel need not raise a meritless claim in light of the fact that even if there were a technical problem with the arrest warrant, Petitioner cannot show that he was prejudiced, i.e., that the result of his criminal proceedings would have been different given that if such an objection were raised by counsel, a technical amendment to the arrest warrant no doubt would have been permitted. Even if such an amendment to the arrest warrant were not permitted, any challenge to the arrest warrant would not have changed the outcome of Petitioner's criminal proceedings. Gerstein v. Pugh, 420 U.S. 103, 119 (1975) (illegal arrest or detention does not void a subsequent conviction; although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause). See also Albrecht v. United States, 273 U.S. 1, 5 (1927) ("'As the affidavits on which the warrant issued had not been

properly verified, the arrest was in violation of the clause in the Fourth Amendment which declares that 'no warrants shall issue but upon probable clause supported by oath or affirmation' . . .. But it does not follow that because the arrest was illegal, the information was or became void.'"); United States v. Farnsworth, 302 F. App'x 110, 112-13 (3d Cir. 2008) ("Equally unavailing is Farnsworth's claim that the District Court lacked jurisdiction due to an alleged defect in the arrest warrant that issued after his indictment. Even assuming the warrant was defective, we see no reason to 'retreat from the established rule that illegal arrest or detention does not void a subsequent conviction.'") (quoting Gerstein v. Pugh, 420 U.S. at 119). Accordingly, this claim does not merit relief.

**D. The Petition is Time Barred.**

In the alternative, we find the instant Petition is time barred. Respondents pointed out in their Answer, albeit without much analysis, that the Petition is time barred. ECF No. 7 at 3. Petitioner did not file a traverse. However, in response to the question on the form Petition about the timeliness of the Petition, Petitioner simply responded that "Petition is timely filed." ECF No. 1 at 15. It appears that Petitioner failed to file the Petition within one year of his conviction becoming final.

From the record before this Court, it appears that Petitioner's conviction became final or on about July 4, 2004, i.e., thirty days after the Superior Court affirmed Petitioner's conviction on direct appeal, ECF No. 7-11, where Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. ECF No. 7-4 at 2 ("[Patterson] did not file a petition for allowance of appeal with the Pennsylvania Supreme Court."). Petitioner did not file the first of several PCRA petitions, until September 27, 2004, more than two months after his conviction became final. Id. at 3. We generously assume that the AEDPA statute of limitations was

statutorily tolled for the pendency of his PCRA petitions until February 8, 2011, when the Pennsylvania Supreme Court denied his PCRA petition.   Commonwealth v. Patterson, No. 387 WAL 2010 (Pa. 2/8/2011 order denying Petition for Allowance of Appeal).[2]   Pursuant to the Prisoner Mailbox Rule, Petitioner is not deemed to have filed the current Petition in this Court until, at the earliest, March 14, 2013, the date on which he signed his Petition, which is more than two years after his PCRA petitions ceased to be pending.   Thus, it appears that the Petition was not filed within one year of his conviction becoming final.   Petitioner has not argued for another date for the start of AEDPA's statute of limitations nor has he carried his burden to show entitlement to any equitable tolling.   Accordingly, we find the present Petition to be untimely filed and therefore, dismiss the Petition for violating the AEDPA's statute of limitations.

Because none of Petitioner's claims merits relief and because the Petition is time barred, the Petition should be denied.

### E.  CERTIFICATE OF APPEALABILITY

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).

---

[2]  We note that on June 22, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in the Court of Common Pleas of Fayette County.  ECF No. 7-2 at 47.  The Court of Common Pleas, apparently treating that Petition as a PCRA Petition, dismissed it on February 25, 2013.  Id. It seems that the June 22, 2011 Petition treated as a PCRA petition would be untimely filed under state law and, therefore, would not statutorily toll the AEDPA statute of limitations. Nor has Petitioner carried his burden to show entitlement to equitable tolling based on that June 22, 2011 Petition filed in state court.  If treated as a state petition for writ of habeas corpus, it would not be a "properly filed" petition pursuant to 28 U.S.C. § 2244(d)(2).  Bradley v. Pennsylvania, Civ.A.No. 07-949,  2007 WL 2916450, at *1  (W.D.Pa. Oct. 4, 2007) ("Petitioner's state petition for a writ of habeas corpus is *not* a 'properly filed' application for collateral review under 28 U.S.C. § 2244(d) and, therefore, can not toll the limitations period.").

Applying this standard to the instant case, the Court concludes that Petitioner has not made any such showing and further we conclude that jurists of reason would not find the disposition of this Petition debatable.   Accordingly, a certificate of appealability is denied.

## V.  CONCLUSION

For the reasons set forth herein, Petitioner has not established that he is being held in violation of the Constitution, laws or treaties of the United States.  Accordingly, the Petition is denied as is a Certificate of Appealability.

BY THE COURT

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date:   January 26, 2015

cc:      All Counsel of Record via CM-ECF

TYRIQUE PATTERSON
FM 9675
SCI Rockview
1 Rockview Road
Bellefonte, PA 16823