# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRIQUE PATTERSON,<br>Petitioner,<br><br>vs.<br><br>SUPERINTENDENT LAMAS; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA; THE DISTRICT ATTORNEY OF THE COUNTY OF FAYETTE,<br>Respondents. | Civil Action No. 13-414<br>Chief Magistrate Judge Maureen P. Kelly<br><br><br><br><br>Re: ECF No. 15 |

## ORDER

On January 26, 2015, this Court denied the Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"), filed by Tyrique Patterson who was proceeding pro se. In the Opinion denying the Petition, the Court found that Petitioner failed to carry his burden under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, 101 (1996) (the "AEDPA") to show that the state courts' adjudication of his claims was contrary to or an unreasonable application of United States Supreme Court precedent. As an alternative holding, the Court found that the Petition was time barred. ECF No. 13 at 22 - 23. The Court denied a Certificate of Appealability. Petitioner did not appeal.

On May 1, 2015, Petitioner filed an "Independent Action for Relief from Final Order, alternatively, Motion for Relief from Final Order Pursuant to Rule 60 F.R.Civ.P." (the "Motion"). ECF No. 15. Because Petitioner fails to carry his required burden to show extraordinary circumstances in order to merit relief under Federal Rule of Civil Procedure 60(b), the Motion will be denied. In addition, because Petitioner fails to meet the high standards to merit relief as an independent action in equity, relief will be denied.

Fed.R.Civ.P. 60(b) provides that:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

Because Petitioner's arguments are not entirely clear to this Court, the Court assumes without deciding that the Motion is a true Rule 60(b) motion and not a second or successive Section 2254 Petition. See Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (explaining difference between true Rule 60(b) motion and a second or successive Section 2254 Petition). Furthermore, it is not entirely clear upon which of the six subsections Petitioner relies for relief. Petitioner seemingly relies upon the following grounds to merit relief under Rule 60(b): "a violation of the Sixth Amendment Confrontation Clauses and denial of right to call a witness for the defense, ineffective assistance of counsel for failure to object to the trial court's exclusion of evidence material to self-defense/justification, an Brady [sic] violation, Fraud upon the Court and the failure to object to a set of toxic jury instructions . . . ." ECF No. 15 at 7. However, "to obtain such relief [under Rule 60(b),] he must demonstrate . . . that 'extraordinary circumstances' justif[y] the reopening of a final judgment." Cristeson v. Roper, __ U.S. __, __ 135 S.Ct. 891, 895 - 96 (2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535–536 (2005)) (some internal quotations omitted).

Nothing that Petitioner points to carries his heavy burden to demonstrate extraordinary circumstances to justify reopening of the final judgment.

To the extent that Petitioner asserts an intervening change in the law justifies reopening the final judgment, Petitioner fails to persuade the Court. The sole case that Petitioner relies upon as constituting an "intervening change in the law" was a case that had been decided prior to Petitioner even filing the present Petition and, consequently, prior to this Court entering the final judgment. See ECF No. 15 at 7 (citing Martinez v. Ryan, 566 U.S. 1 (2012) as an intervening change). Hence, we do not find there to be an "intervening change in the law" which we understand to be a change in the law that occurs between the time the final judgment was entered and the time the Rule 60(b) motion was filed. See Key v. Rutherford, 645 F. 2d 880, 883 (10th Cir. 1981).

To the extent that Petitioner seeks to reopen the judgment based on his argument that he is entitled to equitable tolling of the AEDPA statute of limitations given his claim of being actually innocent of Third Degree Murder (and only guilty of a lesser charge such as voluntary manslaughter or imperfect self-defense), ECF No. 15 at 12, we find these arguments of being innocent of Third Degree Murder to simply be a re-hash of arguments made in the Petition and adequately addressed in the Opinion denying relief. ECF No. 13 at 8 – 11. We are no more persuaded by his claim of actual innocence of Third Degree Murder now than when he made similar arguments in his Petition. In addition, he fails to adduce any new evidence of his putative actual innocence as he must if he is to carry his burden to show entitlement to equitable tolling in order to overcome the AEDPA statute of limitations. McQuiggen v. Perkins, __ U.S. __, 133 S.Ct. 1924 (2013).

Insofar as Petitioner seeks to have this Court treat the Motion as an Independent Action, he fails to carry his heavy burden to show entitlement to such relief.

In order to establish an Independent Action, the party asserting fraud upon the court must establish that there was "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005).

Although Petitioner makes a passing reference to "Fraud upon the Court," ECF No. 15 at 7, Petitioner fails to elaborate upon which fraud was perpetrated on this Court in the obtaining of the final judgment entered by this Court. Accordingly, the Independent Action is denied.

For the reasons set forth herein, the Motion is denied. To the extent one would be required, a Certificate of Appealability is also denied.

BY THE COURT

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date:  September 29, 2015

cc:  All Counsel of Record via CM-ECF

TYRIQUE PATTERSON
FM 9675
SCI Rockview
1 Rockview Road
Bellefonte, PA 16823